Mr. Justice Thacher
delivered the opinion of “the Court.
The plaintiff in error, Frost, was summoned as a garnishee under an execution issuing upon a judgment of a Justice of the Peace of Tishemingo county, and a judgment, upon his answer, was entered up against him. A stay of execution was obtained upon this judgment, and at its expiration the case was carried into the Circuit Court of that county by a writ of certiorari. In the Circuit Court, Frost filed his answer, upon which a judgment was entered up by that Court, for the amount of the judgment granted by the Justice of the Peace, and costs of suit.
This proceeding was originally instituted, under the statute (How. & Hutch. 434, sec. 38), which provides that where an execution shall issue from a Justice of the Peace against any defendant, and the officer having the same can find no property whereon to levy ; or where the defendant is insolvent, and the plaintiff shall suggest to the Justice that certain persons are indebted to the defendant, — the Justice shall summon such persons as garnishees, and proceed against them as is prescribed in attachments against absconding debtors. Such a garnishee (How. & Hutch. 548, sec. 11), upon being summoned, is required to answer upon oath what he is indebted to such defendant, or what effects of his he hath or had at the time of the service of the summons, and what effects or debts of such defendant are t,o his knowledge in the hands of any other person. If such garnishee (How. & Hutch. 553, sec. 24) fail to appear and answer as thus directed, upon being called, the Court is required to enter against him a conditional judgment, returnable to the next term of said Court, to show cause why it should not be final. In the same statute, regulating this subject (How. & Hutch. 558, sec. 42), it is further provided, that if any plaintiff in an execution shall allege that a garnishee hath not truly answered as directed by the act, the Court shall direct, without pleading, a jury to be empan- *789 Relied, to inquire what is the amount due from the garnishee to such defendant.
In fhe proceedings before the Justice in this case, there appear some irregularities,'but as by statute (How. & Hutch. 429, sec. 19) Ml appeals from Justices of the Peace are to be tried de novo, and, upon the trial there, the parties are not confined to the evidence pro•duced before the Justice, it is most proper to consider this case upon the circumstances as they existed in the Circuit Court.
In the petition for the certiorari to bring the case before the Circuit'Court, Patrick, the defendant in error, is admitted to be the plaintiff in execution, for whose benefit the writ of garnishment was originally issued by the Justice of the Peace. In the Circuit Court, the plaintiff in error, Frost, the garnishee, filed his answer. That answer discloses that Frost had made certain notes in favor of John Payne, who was the defendant in the execution upon which the-writ of garnishment was issued, which matured about the first of March, 1840, being after the execution of the summons of garnishment issued by the Justice, which bears date February 4th, 1840. The answer further discloses, upon fair construction of its language, that the said notes were assigned by Payne before their maturity, of which faet he had notice, and before the notice of the summons of garnishment. In other respects, the answer is full, as required by the act. There does not appear in the record any allegation that the garnishee had not truly answered, though, perhaps, the fact that the parties took issue in short by consent, was .intended to convey that meaning. We cannot, however, supply facts by intendment. Upon an answer of sufficient indebtedness, the Court is authorized to enter up judgment against a garnishee for the debt and costs of the plaintiff in the original execution, as to the amount to which he may confess (How. & Hutch. 552, sec. 23); but the answer, in the present case, did not certainly warrant a final judgment of the sum therein set out. The garnishee is called upon, among other inquiries, to answer “ what he is indebted to the defendant in the original execution.” He does not answer that he is indebted at all, but gives a narrative of some pecuniary transactions between himself and that defendant. He therefore did not discover, according to the statute, any indebtedness.
*790 The judgment of the Court below is therefore reversed, and the cause remanded, with directions to said Circuit Court to enter a conditional , judgment against the garnishee, and to order á scire facias to issue against him, returnable to the next term of that Court, to show cause, if any he have, why final judgment should not be entered against him.